IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD DURHAM,

    Plaintiff,

v.

AERIAL FUNDING, LLC,

    Defendant.

CIVIL ACTION FILE

NO. 1:20-cv-4035-TCB

**O R D E R**

This case comes before the Court on Defendant Aerial Funding, LLC's motion [47-1] for appellate attorneys' fees pursuant to 11th Cir. R. 39-2. The motion was transferred [47] to this Court from the Eleventh Circuit after it affirmed this Court's dismissal of Plaintiff's claims.

I.   Background

In 2006, Plaintiff Richard Durham purchased a home in Hall County, Georgia. To facilitate the purchase, he borrowed $400,000 from

IndyMac Bank[1] and gave IndyMac a security deed covering the property.

In 2007, he borrowed an additional $108,500 via a home equity line of credit and executed a second security deed—again secured by his Hall County residence—also in favor of IndyMac.

In 2012, Durham defaulted on both loans. He subsequently accepted IndyMac's offer to modify his loan portfolio and executed a loan modification agreement. The agreement references only the first loan and security deed, and Durham did not make any other payments on the second loan after 2012.

In 2014, the FDIC (IndyMac's successor in interest) assigned its interest in the second loan to Deutsche Bank. In May 2020, Deutsche assigned its interest to Aerial.

On September 21, 2020, Aerial notified Durham of its intent to foreclose on his Hall County residence for failure to make payments on the second loan. The next day, he filed this suit in the Superior Court of

---

[1] IndyMac failed in 2008 and the FDIC became its successor in interest.

Gwinnett County. He subsequently moved for a TRO enjoining the foreclosure sale set for October 6, 2020. On September 30, Aerial removed the suit to this Court.

On October 5, this Court denied [9] Durham's motion for a TRO, finding that he had not demonstrated that he was likely to succeed on the merits of his claims. The next day, Aerial proceeded with the foreclosure sale, and after submitting the highest bid for the property, acquired title to the property and recorded a deed under power.

On November 12, Aerial moved to dismiss all counts of Durham's complaint for failure to state a claim. The Court granted [27] the motion to dismiss, finding that Durham had failed to state a claim under the Uniform Commercial Code, to quiet title, or for breach of contract.

On July 5, 2021, Durham moved [29] to reconsider the dismissal order and to alter and vacate the final judgment. The Court denied [32] the motion to reconsider, finding that it had committed no manifest error of law or fact and that dismissal was warranted.

On November 3, Durham appealed the Court's dismissal of his complaint to the Eleventh Circuit.

On March 7, 2022, the Court denied [42] Aerial's motion for attorneys' fees.

On July 1, the Eleventh Circuit affirmed this Court's dismissal of Plaintiff's case and its denial of the fees motion.

On August 5, Aerial filed a motion before the Eleventh Circuit for an award of appellate attorneys' fees. On November 9, the Eleventh Circuit transferred that motion to this Court, where it is now ripe for decision.

## II. Discussion

### A. Entitlement to Fees

Requests for attorneys' fees that arise from appeals before the Eleventh Circuit are governed by 11th Cir. R. 39-2. *Freeman v. Rice*, 548 F. App'x 594, 596 (11th Cir. 2013). That rule permits recovery of "fees and expenses authorized by statute." 11th Cir. R. 39-2(a).

Aerial seeks to recover appellate attorneys' fees under O.C.G.A. § 13-1-11, which provides an enforcement mechanism for obligations to pay attorneys' fees found in promissory notes or other evidence of indebtedness.

4

"It is explicitly clear that 'the general rule in our legal system is that each party must pay its own attorney fees and expenses' *absent statutory authorization or contractual agreement* between the parties." *Bamberger Rosenheim, Ltd. v. OA Dev., Inc.*, No. 1:15-cv-04460-ELR, 2018 WL 6137615, at *6 (N.D. Ga. Aug. 23, 2018). And while Rule 39-2 "may not explicitly state it includes fees and expenses authorized by contractual agreements, it does not explicitly exclude contractual agreements for attorneys' fees." *Id.* (disagreeing with the notion that only statutory—and not contractual—attorneys' fees are permitted by Rule 39-2).

Further, § 13-1-11 provides that—assuming certain criteria are met—fee-shifting provisions contained in security deeds are valid and enforceable.

"Accordingly, the Court may look to the [security deed] to determine if [Aerial] is entitled to appellate attorneys' fees and expenses." *Id.* (citing *Freeman v.* 548 F. App'x at 597–98 (approving an award of attorneys' fees based on a clause in a lease agreement)).

5

The security deed between Durham and Aerial reads in part, "[Durham] agrees to pay all costs and expenses incurred by [Aerial] in collecting, enforcing or protecting [Aerial's] rights and remedies under [the security deed]. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses." [47] at 5.

To recover fees under § 13-1-11,

> (1) the contract must include an obligation to pay attorney's fees; (2) the debt must have matured; (3) notice must be given to the debtor informing him that he has ten days within receipt to pay the debt in order to avoid attorney's fees; (4) the ten-day period must expire without payment of principal and interest in full; and (5) the debt must be collected by or through an attorney-at-law.

*In re Village Apartment Assocs.*, 9 B.R. 211, 215 (Bankr. N.D. Ga. 1981).

The Court finds—and indeed Durham does not suggest otherwise—that all five preconditions to recovery are met.[2] Accordingly,

---

[2] Durham's primary argument in opposition to an award of fees is that Rule 39-2 does not actually create a right to an award of attorneys' fees and that such an award would need to be converted into a taxable cost. The caselaw simply does not agree. *See, e.g.*, *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1357 (11th Cir. 2009) ("It is long established in this circuit that this court has the discretion to award attorney's fees and costs for the work expended before it.") (quotation omitted); *Prieto v. Total Renal Care, Inc.*, No. 18-21085-CIV-COOKE/GOODMAN, 2022 WL 464908 (S.D. Fla. Jan. 10, 2022) (awarding appellate attorneys' fees "pursuant to . . . Eleventh Circuit Rule 39-2"); *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, No. 6:08–cv–466–Orl–28GJK, 2012 WL 12953751, at *3 (M.D. Fla. Sept.

the Court holds that Aerial is entitled to an award of reasonable attorneys' fees under 11th Cir. R. 39-2, O.C.G.A. § 13-1-11, and the provisions of the security deed.[3]

### B.   Amount of Award

O.C.G.A. § 13-1-11 sets a strict cap on attorneys' fees that can be awarded under the statute. The statute provides that if a security deed "provides for attorneys' fees in some specific percent of the principal and interest owing thereon," that provision is enforceable "up to but not in excess of 15 percent of the principal and interest . . . ." O.C.G.A. § 13-1-11(a)(1).[4]

Durham defaulted on a home equity line of credit in the amount of $108,500. [47] at 4.

---

28, 2012) (finding an entitlement to fees where the entitled party fully complied with Rule 39-2 and a Florida statute authorized such an award).

[3] The Court disagrees with Durham's assertion that Aerial's motion for fees was untimely. Rule 39-2(a) requires the motion to be filed "within 14 days after the time to file a petition for rehearing or rehearing en banc expires." The mandate was issued in this case on August 1, 2022. [47]. Aerial's motion was filed on August 5, well-within the timeframe prescribed by Rule 39-2(a).

[4] Aerial requests $47,790 in attorneys' fees. However, § 13-1-11 dictates that the Court can only award up to the limit prescribed by the statute.

Accordingly, the Court will award Aerial attorneys' fees amounting to fifteen percent of $108,500, which is $16,275.[5]

## III. Conclusion

For the foregoing reasons, Aerial's motion [47-1] for appellate attorneys' fees is granted.[6] The Clerk is directed to enter judgment in favor of Defendant Aerial Funding in the amount of $16,275.

IT IS SO ORDERED this 7th day of December, 2022.

_____
Timothy C. Batten, Sr.
Chief United States District Judge

---

[5] 11th Cir. R. 39-2(b) sets several requirements for an application for attorneys' fees including (1) a memorandum showing that the party seeking attorney's fees is legally entitled to them; (2) a summary of work performed, supported by contemporaneous time records recording all work for which a fee is claimed; and (3) an affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate requested. The Court holds that Aerial's application, which included the required forms and an affidavit from its lead counsel Brian Goldberg, is sufficient to satisfy Rule 39-2(b).

[6] The Court finally notes that even were it to award attorneys' fees to Aerial, the award would be capped at "15 percent of the principal and interest owing." O.C.G.A. 13-1-11. The very statute upon which Aerial bases its argument in favor of a fee award contains an explicit fifteen percent cap on any award of fees. Thus, any fee award would be capped at $16,275 (fifteen percent of $108,500).